UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

O'SHUN R. GRACE,

    Plaintiff,

    v.      CAUSE NO. 3:24-CV-484 DRL-SJF

JAMIE CALVART *et al.*,

    Defendants.

## OPINION AND ORDER

O'Shun R. Grace, a prisoner without a lawyer, filed a complaint against two defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Grace had a job as a sanitation worker at Miami Correctional Facility. ECF 1 at 2. On April 5, 2024, Officer Calvart asked Mr. Grace to clean up fecal matter in the shower area in A Cellhouse. *Id.* at 2-3. Two officers told him they were waiting for a power washer that would be used to clean up the fecal matter, but Officer Calvart insisted Mr. Grace either clean up the fecal matter or be terminated from his job. *Id.* at 3. After Mr. Grace became sick from cleaning up the fecal matter, he refused to continue cleaning it

up. *Id*. He was later seen by medical staff who gave him a decontamination shower. *Id*. On April 10, 2024, Officer Calvart terminated Mr. Grace from his prison job. ECF 1-1 at 1.

Mr. Grace initially asserts Officer Calvart violated his Fourteenth Amendment rights when he terminated him. ECF 1 at 4-5. The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. That said, "[t]he Constitution does not give prisoners any substantive entitlements to prison employment." *Soule v. Potts*, 676 Fed. Appx. 585, 586 (7th Cir. 2017) (citing *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (2020); *Wallace v. Robinson*, 940 F.2d 243, 247 (7th Cir. 1991) (*en banc*)). Moreover, because a prisoner does not have a liberty or property interest in a prison job, a deprivation of that job does not violate any procedural due process rights. *DeWalt*, 224 F.3d at 613. Due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The loss of a prison job itself does not meet that high standard. *See Hoskins v. Lenear*, 395 F.3d 372, 374–75 (7th Cir. 2005) (prisoner not entitled to process for discipline of two months in segregation, the loss of prison job, the loss of privileges, and a transfer); *see also Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (claims that inmate "lost his preferred prison living arrangement, his prison job and his eligibility for rehabilitative programs and that the disciplinary report has damaged his prison record" were not significant enough to trigger due process concerns). Therefore, to the extent Mr.

Grace asserts his rights were violated by the loss of his job, he has not stated a claim against Officer Calvart.

Mr. Grace next asserts that Officer Calvart wrote him up on a disciplinary conduct report because he refused to finish cleaning up fecal matter in A Cellhouse. ECF 1 at 3. He received a conduct report dated April 6, 2024, which charged him with attempting to traffic drugs in violation of Indiana Department of Correction policy A-113. *Id.*; ECF 1-1 at 4. However, the Disciplinary Hearing Board found him not guilty of the trafficking offense. *Id.*; ECF 1-1 at 6. Mr. Grace states he later filed a grievance on April 11, 2024. ECF 1 at 4; ECF 1-1 at 3.

Though unclear from his complaint, Mr. Grace may be attempting to assert a First Amendment retaliation claim against Officer Calvart. To state a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

Here, Mr. Grace has not pointed to any protected activity he engaged in prior to being terminated or charged with a disciplinary offense. Refusing to follow an order is not protected First Amendment activity. Though filing a grievance qualifies as "protected activity" for purposes of a First Amendment claim, Mr. Grace alleges that he filed a

3

grievance after these events occurred. *See Gomez*, 680 F.3d at 866. Therefore, he has not stated a retaliation claim against Officer Calvart.

Mr. Grace has also sued Warden Brian English because he is responsible for the overall operation of Miami Correctional Facility and the welfare of its inmates. ECF 1 at 2. There is no general respondeat superior liability under 42 U.S.C. § 1983, and Warden English cannot be held liable for damages simply because he oversees the operations at the prison or supervises prison staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages solely because they hold supervisory positions). Therefore, Mr. Grace may not proceed against Warden English.[1]

This complaint does not state a claim for which relief can be granted. If Mr. Grace believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He

---

[1] To the extent Mr. Grace has sued Officer Calvart and Warden English in their official capacities, a state prison official can be named in an official capacity on a claim for prospective injunctive relief, but only if there is an ongoing constitutional violation. *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997); *see also Rasho v. Jeffrys*, 22 F.4th 703, 712 (7th Cir. 2022) (outlining the limited forms of injunctive relief available in the prison setting). Because there is no ongoing constitutional violation, Mr. Grace cannot proceed on a claim for injunctive relief against these two defendants.

needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS O'Shun R. Grace until **February 21, 2025**, to file an amended complaint; and

(2) CAUTIONS O'Shun R. Grace if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

January 24, 2025                              *s/ Damon R. Leichty*
                                              Judge, United States District Court